UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN HOWARD                                    CIVIL ACTION

VERSUS                                         NO: 11-3004

TRANSOCEAN OFFSHORE, USA, INC.                 SECTION: "J" (1)

### ORDER

Before the Court is a Motion to Dismiss, or Alternatively, Transfer **(Rec. Doc. 14)**, filed by Transocean UK, Ltd., Transocean Offshore International Ventures Limited, and Transocean Drilling Offshore, S.A.R.L. (collectively "Defendants"), Plaintiff's Opposition (Rec. Doc. 15), and Defendants' Reply (Rec. Doc. 16-2). Having considered the motion, the parties' memoranda, the record, and the applicable law, the Court finds that Defendants' Motion to Transfer should be **GRANTED.**

A district court may transfer an action to any other district where the plaintiff could have originally filed suit "for the convenience of the parties and the witnesses" when such a transfer is "in the interest of justice." 28 U.S.C. § 1404(a). Although a plaintiff's choice of forum is clearly important, that choice is "neither conclusive nor determinative." In re Horseshoe Entm't, 337 F.3d 429, 434-35 (5th Cir. 2003). In making such a

determination, the transferring judge may consider the private and public interest factors. In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008)("Volkswagen II ").

The private interest factors a court should consider include: (1) "the relative ease of access to sources of proof;" (2) availability of witnesses; (3) possibility of view of premises, if view would be appropriate to the action;" and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981)). The relevant public interest factors are: (1) the administrative difficulties created by court congestion; (2) the interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the state law that must govern the case; (4) the unfairness of burdening citizens in an unrelated forum with jury duty; and (5) the interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law. Id. The above-listed factors are not necessarily exhaustive or exclusive, and none should be given dispositive weight. Volkswagen II, 545 F.3d at 315 (citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp., 358 F.3d 337, 340 (5th Cir. 2004)).

The Court, in its discretion, finds that the above-captioned

matter should be transferred to the United States District Court for the Southern District of Mississippi.  The undisputed facts indicate that this suit could have originally been brought in the Southern District of Mississippi.  Although Plaintiff's complaint is silent on the location of events giving rise to his cause of action, Plaintiff has conceded in subsequent filings that the events giving rise to his cause of action occurred on a vessel that was located in Pascagoula, Mississippi. (Rec. Doc. 15, p. 7)  In addition, there is no indication from the face of the Plaintiff's complaint or from any of Plaintiff's subsequent filings, that Plaintiff resides in Louisiana or has any other connection to Louisiana.  Based on these facts, the Court finds that the above-referenced private and public interest factors weigh in favor of transfer and, moreover, that the interest of justice so requires it.  Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter be **TRANSFERRED** to the United States District Court for the Southern District of Mississippi.

New Orleans, Louisiana this 15th day of November, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE